IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE A. KATAVITCH, )
) No. 14-843
V. )
)
COMMISSIONER OF SOCIAL
SECURITY.

## SYNOPSIS

Plaintiff filed an application for supplemental social security income and disability benefits, alleging disability due to various mental and physical ailments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

The parties' cross-motions rest on a single issue.  They agree that the ALJ's hypothetical to the vocational expert ("VE") did not include the limitation to "simple, routine tasks involving no more than simple, short instructions, involving only one to two steps," which was included in the residual functional capacity ("RFC") finding.   They disagree, however, on the impact of this failure.   Defendant contends that Plaintiff has not demonstrated that the omission affected the VE's response, or the outcome of the determination; thus, because Plaintiff has not demonstrated harm, her Motion must be denied.

As Plaintiff correctly points out, the burden at step five shifts to the Commissioner, to demonstrate that the claimant is capable of performing other jobs existing in significant numbers,

2

given the claimant's age, education, work experience, and residual functional capacity.  <u>Ambrose v. Colvin</u>, 2015 U.S. Dist. LEXIS 24647 (M.D. Pa. Feb. 27, 2015).  "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision." <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991).

Here, because the ALJ based his decision on such testimony, I find that the decision was not supported by substantial evidence.  The hypothetical to the VE must be reformulated to account for each limitation that appears in the RFC finding.  Accordingly, this matter will be remanded to allow for such a proceeding.

## CONCLUSION

In conclusion, the ALJ's decision was not based on substantial evidence.  Plaintiff's Motion will be granted, and Defendant's denied.  This matter will be remanded for further proceedings consistent with this Opinion.  An appropriate Order follows.

## ORDER

AND NOW, this 19th day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

<u>/s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Senior Judge, U.S. District Court

3